

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00063-CV

**IN THE INTEREST OF E.C.S. AND R.C.S., CHILDREN**

On Appeal from the County Court at Law No. 2
Lubbock County, Texas
Trial Court No. 2017-528,122, Honorable Tom Brummett, Presiding

April 30, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Taylor Smith, proceeding pro se, appeals from the trial court's *Final Order in Suit Affecting the Parent-Child Relationship*. We dismiss the untimely appeal for want of jurisdiction.

The trial court signed the final order on December 11, 2023. Thereafter, Smith filed a request for findings of fact and conclusions of law on January 9, 2024, and a motion for new trial on January 11, 2024. Both were untimely, however. The request for findings was due by January 2, 2024, and the motion for new trial was due January 10, 2024. *See* TEX. R. CIV. P. 296 (requiring requests for findings to be filed within twenty days after judgment is signed); 329b(a) (requiring a motion for new trial to be filed within thirty days

after judgment is signed). Because Smith's request for findings and motion for new trial were untimely filed, they did not operate to extend the notice of appeal deadline. *See* TEX. R. APP. P. 26.1(a). Accordingly, Smith's notice of appeal was due within thirty days after the final order was signed, i.e. by January 10, 2024. *See* TEX. R. APP. P. 26.1. Smith filed a notice of appeal on February 9, 2024.

A timely notice of appeal is essential to invoking this Court's jurisdiction. *See* TEX. R. APP. P. 25.1(b), 26.1; *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997). By letter of March 26, 2024, we notified Smith that his notice of appeal appeared untimely and directed him to show how we have jurisdiction over this appeal. Smith filed a response claiming that his form statement of inability to afford payment of court costs filed on December 7, 2023, constituted a notice of appeal. A statement of inability to pay is not a notice of appeal and does not invoke an appellate court's jurisdiction. *See* TEX. R. APP. P. 25.1; *Singh v. Shaghaghi*, No. 01-11-00996-CV, 2012 Tex. App. LEXIS 5672, at *2 (Tex. App.—Houston [1st Dist.] July 12, 2012, no pet.); *Walton v. Walton*, No. 05-21-00394-CV, 2021 Tex. App. LEXIS 9305, at *1–2 (Tex. App.—Dallas Nov. 16, 2021, no pet.) (mem. op.). No document attempting to invoke this Court's jurisdiction was filed. To interpret Smith's statement otherwise, would generally render the filing of a notice of appeal superfluous.

Smith's response also indicates that he seeks to appeal the *Order on Taylor Ray Smith's Declaration of Inability to Pay Court Costs* signed by the trial court on January 31, 2024. The order denies Smith a free appellate record pursuant to Rule of Civil Procedure 145. Such an order may only be challenged "by motion filed in the court of appeals with jurisdiction over the appeal from the judgment in the case." See Tex. R. Civ. P. 145(g)(1).

2

Because we are without jurisdiction to review the *Final Order in Suit Affecting the Parent-Child Relationship*, we have no authority to review Smith's challenge to the *Order on Taylor Ray Smith's Declaration of Inability to Pay Court Costs*. *See Ferero v. Guzman*, No. 01-23-00363-CV, 2023 Tex. App. LEXIS 6157, at *2 (Tex. App.—Houston [1st Dist.] Aug. 15, 2023, no pet.) (per curiam) (mem. op.) (holding same).

Accordingly, we dismiss Smith's appeal for want of jurisdiction. TEX. R. APP. P. 42.3(a).

Per Curiam